PATRICK J. CIMMARUSTI (SBN 224832)
*pjcimmarusti@yukelaw.com*
JOSEPH J. McCORMACK (SBN 315803)
*jmccormack@yukelaw.com*
YUKEVICH | CAVANAUGH
355 S. Grand Avenue, 15th Floor
Los Angeles, California 90071-1560
Telephone:   (213) 362-7777
Facsimile:    (213) 362-7788
Email:          eservice@yukelaw.com

Attorneys for Defendant
TELEBRANDS CORP.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Janet Mausner, an individual,<br><br>       Plaintiff,<br><br>     vs.<br><br>Telebrands Corp., Bulbhead, Bulbhead.com, LLC, Polar Pooch, and Does 1 through 30, inclusive,<br><br>       Defendant. | CASE NO. 2:19-cv-1395<br><br>**AMENDED NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332 AND 1653**<br><br>JURY TRIAL DEMANDED |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Telebrands Corp. ("Telebrands"), hereby removes this action from the Superior Court in the State of California, County of Los Angeles, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1653.

/ / /

/ / /

/ / /

/ / /

# I.   **BACKGROUND**

## A.   **Procedural History**

1.   On June 20, 2018, Plaintiff Janet Mausner ("Plaintiff") filed an action against Telebrands entitled: *Janet Mausner v. Telebrands Corp., et al.* (Case No. BC710680), in the Superior Court of the State of California, in the Country of Los Angeles.  A true and correct copy of the Complaint and Summons are attached hereto as **Exhibit A**.

2.   On December 13, 2018, Plaintiff filed a First Amended Complaint ("FAC").  In the FAC, Plaintiff alleges six causes of action: (1) Negligence; (2) Strict Products Liability – Manufacturing Defect; (3) Strict Products Liability – Design Defect; (4) Strict Products Liability – Failure to Warn; (5) Strict Products Liability – Failure to Adequately Test, and; (6) Strict Products Liability – Breach of Implied Warranty.  A true and correct copy of the First Amended Complaint is attached hereto as **Exhibit B.**

3.   On January 10, 2019, Telebrands filed their Answer to Plaintiff's FAC.  A true and correct of Telebrands' Answer is attached hereto as **Exhibit C.**

4.   Through inadvertent error, Telebrands answered the FAC on behalf of themselves, but also an entity not named in Plaintiff's FAC: Bulbhead.com, LLC.  Plaintiff's FAC makes no allegations against Bulbhead.com, LLC (or, the other parties in the caption, Bulbhead and Polar Pooch).  Telebrands filed a notice of errata on February 13, 2019, which corrected the error.   Only Telebrands answered Plaintiff's FAC.  A true and correct copy of Telebrands' Notice of Errata is attached hereto as **Exhibit D.**

5.   On February 19, 2019, Telebrands timely filed a Notice of Removal to the California Central District Court (Case No. 2:19-cv-01233-PA-AGR).  A true and correct copy of Defendant's Notice of Removal is attached hereto as **Exhibit E.**

6.   On February 21, 2019, the District Court remanded the case back to Los Angeles Superior Court.  A true and correct copy of the District Court's Order is

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

attached hereto as **Exhibit F.**

7.      The Court's Order remanded the case, and the Court's CM/ECM website shows that the case is closed.  Therefore, Telebrands now files this Amended Notice of Removal under a new case number.  *See generally Seedman v. U.S. Dist. Court for Cent. Dist. of California*, 837 F.2d 413 (9th Cir. 1988) (explaining scope of district court's jurisdiction after order of remand is certified); *Zhang v. Saks, Incorporated*, 2009 U.S. Dist. LEXIS 118333 (N.D. Cal. 2009) (amended notice of removal filed under new case number).

**B.      The District Court's February 21, 2019 Order**

8.      Telebrands filed a Notice of Removal on February 19, 2019.  *See* Exhibit E, Notice of Removal.  On February 21, 2019, the District Court, Hon. Percey Anderson presiding, remanded the case back to Superior Court.  *See* Exhibit F, Order. The relevant portion of the Court's Order states: "Bulbhead.com, LLC, Bulbhead, and Polar Pooch are named in the *caption* of both the original Complaint and the First Amended Complaint, but there are no substantive allegations against them in either pleading…. Telebrands' Notice of Removal does not allege any information about the citizenship of Bulbhead.com, LLC, Bulbhead, or Polar Pooch, or any other information about their status, or why those entities should be ignored for purposes of determining this Court's subject matter jurisdiction." *Id.* (emphasis added).

9.      The Court "conclud[ed] that by failing to identify the citizenship of Bulbhead.com, LLC, Bulbhead, and Polar Pooch, or otherwise explain[] why those entities, who are named as defendants in the *caption* of the operative First Amended Complaint, should be ignored for purposes of assessing the Court's diversity jurisdiction, Telebrands has failed to satisfy its burden to establish the existence of this Court's subject matter jurisdiction." *Id.* (emphasis added).

/ / /

/ / /

/ / /

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

## II.   TELEBRANDS' AMENDED NOTICE OF REMOVAL

### A.   A Party May Amended A Notice Of Removal To Correct Procedural Allegation Concerning A Party's Citizenship

10.   Procedural defects in a notice of removal may be corrected by amendment.  *See* 28 U.S.C. § 1653.  The Ninth Circuit has routinely allowed Defendants to amend their petition for removal within the original 30 day period for removal.  *See e.g. Barrow Development Co. v. Fulton Ins. Co.,* 418 F.2d 316 (9th Cir. 1969); *London v. Standard Oil of Cal., Inc.,* 417 F.2d 820 (9th Cir. 1969); *ARCO Envtl. Remediation, LLC v. Department of Health & Envtl. Quality*, 213 F.3d 1108 (9th Cir. 2000); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853 (9th Cir. 2001).

11.   In the context of Section 1653, a procedural defect includes insufficient allegations of a party's citizenship.  *See ARCO Envtl. Remediation, LLC,* 213 F.3d at 1117.  A notice of removal "cannot be amended to add a separate basis for removal jurisdiction after the thirty day period", however, "a defendant may amend the Notice of Removal after the thirty day window has closed to correct a defective allegation of jurisdiction." *Id.*  (quotations omitted); *Kanter*, 265 F.3d at 858 (removing party may "cure[] its defective allegations regarding citizenship by amending its notice of removal").

12.   Telebrands submits this Amended Notice of Removal within the original 30 day removal period and addresses the District Court's February 21, 2019 Order regarding Polar Pooch, Bulbhead, and Bulbhead.com, LLC's citizenship and status as parties in this case.

### B.   Plaintiff Dismissed Polar Pooch, Bulbhead, And Bulbhead.com, LLC, When She Filed Her FAC

13.   Plaintiff filed her initial Complaint on December 13, 2018.  *See* Exhibit A, Complaint.  On December 3, 2019, counsel for Telebrands sent a meet and confer letter to Plaintiff's counsel regarding Polar Pooch, Bulbhead, and Bulbhead.com, LLC, being named as defendants.  A true and correct copy of Telebrands' Meet and

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1   Confer Letter is attached hereto as **Exhibit G.**

2        14.   The letter explained that Bulbhead and Polar Pooch are not individuals,

3   corporations, or partnerships.  And neither have employees, banks accounts, or assets.

4   Bulbhead is a trade name used by Telebrands.  Polar Pooch is the name of the subject

5   product in this products liability lawsuit.  Further, Bulbhead.com, LLC, is a wholly

6   owned subsidiary of Telebrands.  However, it is a dormant entity, and just like Polar

7   Pooch and Bulbhead, does not have any employees, bank accounts, or assets.  *Id*.

8        15.   After counsel for Telebrands and Plaintiff spoke telephonically, Plaintiff

9   agreed to dismiss Polar Pooch, Bulbhead, and Bulbhead.com, LLC, without prejudice

10  and file a FAC.  Thereafter, Plaintiff filed her FAC without any allegations against

11  Polar Pooch, Bulbhead, or Bulbhead.com, LLC.  A true and correct copy of Email

12  Correspondence between Telebrands and Plaintiff is attached hereto as **Exhibit H.**

13  **C.    A Case Caption Does Not Determine A Party's Status As A Litigant**

14       16.   "A person or entity can be named in the caption of a complaint without

15  necessarily becoming a party to the action."  *U.S. ex rel. Eisenstein v. City of New*

16  *York, New York*, 556 U.S. 928, 935 (2009).  "Although Rule 10(a) of the Federal Rules

17  of Civil Procedure states that the caption of the complaint 'shall include the names of

18  all the parties,' this does not necessarily mean that all named in the caption are parties

19  for all purposes merely by virtue of being thus listed."  *Liberty Mut. Fire Ins. Co. v.*

20  *EZ-FLO Int'l, Inc.*, 877 F.3d 1081, 1084 (9th Cir. 2017), citing *Fed. Sav. & Loan Ins.*

21  *Corp. v. Tullos–Pierremont*, 894 F.2d 1469 (5th Cir. 1990).

22       17.   The Ninth Circuit has held that "the caption of an action is only the

23  handle to identify it and ordinarily the determination of whether or not a defendant is

24  properly in the case hinges upon the allegations in the body of the complaint and not

25  upon his inclusion in the caption."  *Hoffman v. Halden*, 268 F.2d 280, 303-04 (9th

26  Cir. 1959), overruled on other grounds by *Cohen v. Norris*, 300 F.2d 24 (9th Cir.

27  1962); *see also* 5A Wright & A. Miller, Federal Practice and Procedure § 1321, p.

28  388 (3d ed. 2004) ("the caption is not determinative as to the identity of the parties to

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

the action").

18.    The District Court originally remanded this case to Superior Court because Polar Pooch, Bulbhead, Bulbhead.com, LLC, were included the caption of the FAC, but there was no statement of citizenship as to these parties in the Notice of Removal.    At the same time, the District Court acknowledged there were "no substantive allegations against any of those parties in the body of the Plaintiff's FAC." *See* Exhibit F, Order.

19.    There was no explanation as to Polar Pooch, Bulbhead, and Bulbhead.com, LLC's citizenship because Plaintiff dismissed these parties while the case was still in Superior Court.    The names remain in the caption because the Superior Court does not allow parties to change case captions once the case has been filed (absent court order, reclassification, or other exceptions not applicable here). Generally speaking, case captions are for administrative purposes and court staff use. Simply because a name appears in a case caption does not mean that party is litigant subject to the court's jurisdiction.    Likewise, simply because Polar Pooch, Bulbhead, and Bulbhead.com, LLC, appear in the case caption doesn't mean they are defendants.

20.    Additionally, Polar Pooch and Bulbhead are not individuals, corporations, partnerships, unincorporated associations, or real parties under Rule 17(b), and therefore cannot be sued.    Polar Pooch is the name of the product at issue in this lawsuit.    Bulbhead is a trade name used by Telebrands.    Thus, neither have actual citizenship.

21.    Bulbhead.com, LLC, is a dormant Delaware entity with no assets, bank accounts, or employees, and is wholly owned by Telebrands.    Plaintiff dismissed this entity when she filed her FAC, which is why no substantive allegations against this entity appear in the body of the FAC.

22.    The Order also pointed out that Plaintiff's FAC referred to "Defendants" as plural, rather than singular which might suggest that Telebrands was not the only defendant.    *See* Exhibit F, Order.    However, "Defendants" is plural in the FAC

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

AMENDED NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332 AND 1653

because it is referring to Telebrands and the Does 1-30.  It is not referring to Polar Pooch, Bulbhead, or Bulbhead.com, LLC, who are not listed as parties in the body of the FAC.

23.    To prevent an out of state defendant from removing a case filed in state court to federal court over administrative issue regarding the case caption would be unduly prejudicial and go against basic notions of fundamental fairness.  Courts routinely permit amended notices of removal to correct far more serious jurisdictional and substantive defects than the procedural defect here.  *See Barrow*, 418 F.2d at 317-318 (amended notice of removal correcting defects as to the citizenship of the parties filed after the original time for filing a notice of removal had expired was permitted because the denial of such an amendment "would tend unduly to exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts") (citations omitted).

## III.   DIVERSITY JURISDICTION EXISTS BETWEEN TELEBRANDS AND PLAINTIFF

In accordance with 28 U.S.C. § 1446(a), set forth below is a statement of the grounds for removal:

### A.    Jurisdiction And Venue

24.    The Court has jurisdiction over this civil action based on 28 U.S.C. § 1332 (Diversity), and this action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states, the amount in controversy sought by Plaintiff exceeds the sum of $75,000, and Defendant is not a citizen of California, the forum state.

25.    Venue is proper in this Court under 28 U.S.C. § 1441(a) because this Court embraces the County of Los Angeles where the underlying state court action was filed.

### B.    Timeliness Of Removal

26.    When the case stated by the initial pleading is not removable, "a notice

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "Other paper" includes a parties' written discovery responses. 28 U.S.C. § 1446(c)(3)(A). Ordinarily, a defendant may not remove under this section more than one year after commencement of the action. 28 U.S.C. § 1446(c)(1).

27.   Telebrands filed and served its' Notice of Removal within 30 days after receiving Plaintiff's response to Telebrands' Request for Statement of Damages, which alleges Plaintiff sustained $1,600,000 in damages, thereby satisfying the amount in controversy requirement. A true and correct copy of Plaintiff's Response to Telebrands' Request for Statement of Damages is attached hereto as **Exhibit I.**

28.   Telebrands also filed and served this Amended Notice of Removal within 30 days of receiving Plaintiff's Response to Telebrands' Request for Statement of Damages.

29.   Thus, Telebrands' Notice of Removal and this Amended Notice of Removal were timely filed.

**C.   Diversity Jurisdiction Exists**

30.   Diversity jurisdiction exists where (1) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (2) the suit is between citizens of different states. 28 U.S.C. § 1332(a). As set forth below, the amount in controversy exceeds $75,000, and the parties are citizens of different states.

1.   The Amount in Controversy Exceeds $75,000

31.   The amount in controversy is based on the relief a plaintiff theoretically could obtain if he or she was successful on all her claims. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). According to the Supreme Court, the liberal pleading standard regarding the "amount in controversy" allegation applicable to a plaintiff who invokes federal court diversity

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1    jurisdiction also applies to a defendant's notice of removal on diversity grounds. *Dart*
2    *Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). Thus, a
3    defendant's notice of removal "need include only a plausible allegation that the
4    amount in controversy exceeds the jurisdictional threshold." *Id.* The notice of
5    removal need not contain evidentiary submissions; instead, "[e]vidence establishing
6    the amount is required … only when the plaintiff contests, or the court questions, the
7    defendant's allegation." *Id.* at 553-54.

8        32.    Plaintiff is alleging $1,600,000.00 in damages. *See* Exhibit I, Plaintiff's
9    Response to Telebrands' Request for Statement of Damages. Therefore, the amount
10   in controversy exceeds the jurisdiction requirement of $75,000, exclusive of interests
11   and costs.

12       **D.    The Suit is Between Citizens of Different States**
13              1.    Plaintiff Sheila Ann Winburn
14       33.    Plaintiff Sheila Ann Winburn is domiciled in Tarzana, California. *See*
15   Exhibit B, FAC ¶ 9. Thus, Plaintiff is a Citizen of the State of California for diversity
16   purposes.

17              2.    Defendant Telebrands
18       34.    Telebrands is a corporation formed and exiting under the laws of New
19   Jersey, and maintains its principal place of business in New Jersey. A true and correct
20   copy of Telebrands' Statement of Incorporation and Standing is attached hereto as
21   **Exhibit J.** Thus, Telebrands is a citizen of the State of New Jersey for diversity
22   purposes.

23              3.    Dismissed-Defendants Polar Pooch, Bulbhead, and
24                    Bulbhead.com, LLC
25       35.    Polar Pooch and Bublhead are not individuals, corporations,
26   partnerships, unincorporated associations, or real parties under Rule 17(b), and
27   therefore cannot be sued. Plaintiff dismissed them when she filed her FAC. Los
28   Angeles Superior Court does not permit a party to change a case caption once a case

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

AMENDED NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332 AND 1653

has commenced, which is why these parties remain in the caption.  Polar Pooch and Bublhead only appear in the caption for administrative purposes, and they should be ignored for purposes of diversity.

36.     Bulbhead.com, LLC, is an existing entity that is incorporated in Delaware, and is a wholly owned subsidiary of Telebrands.  Bulbhead.com, LLC, does not own assets, hold bank accounts, or have employees.  It is a dormant entity that is unrelated to Plaintiff's claims. Plaintiff dismissed this entity when she filed her FAC.  The Los Angeles Superior Court does not permit a party to change a case caption once a case has commenced, which is why this entity remain in the caption. This entity only appears in the caption for administrative purposes and it should be ignored for purposes of diversity.  Besides, assuming *arguendo* that Plaintiff did not dismiss Bulbhead.com, LLC, diversity would still exist because Bulbhead.com, LLC, is a Delaware entity and wholly owned subsidiary of Telebrands, which is a New Jersey entity.   A true and correct copy of Bulbhead.com, LLC's Statement of Incorporation and Standing is attached hereto as **Exhibit K.**

## IV.     ALL PROCEDURAL REQUIREMENTS ARE SATISFIED

37.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders are attached hereto as Exhibits A through L.

38.     Defendant will serve written notice of the removal of this action upon all parties and will file such notice with the Clerk of the Superior Court of California for the County of Los Angeles.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1

**V.     JURY TRIAL**

2

39.     Telebrands hereby demands a trial by jury.

3

4    DATED:  February 25, 2019          YUKEVICH | CAVANAUGH

5

6

7                                     By:     /s/ Patrick J. Cimmarusti

8                                          Patrick J. Cimmarusti
                                           Joseph J. McCormack
9                                          Attorneys for Defendant
                                           TELEBRANDS CORP.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

## PROOF OF SERVICE

**Janet Mausner v. Telebrands Corporation, et al**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 355 South Grand Avenue, Fifteenth Floor, Los Angeles, CA 90071-1560.

On February 25, 2019, I served true copies of the following document(s) described as **AMENDED NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332 AND 1653** on the interested parties in this action as follows:

| | |
|---|---|
| Leigh E. Charness | Attorney for Plaintiff |
| LAW OFFICES OF LEIGH E. CHARNESS | **JANET O. MAUSNER** |
| 11693 San Vicente Blvd., #277 | Tel: (310) 826-8394 |
| Los Angeles, California 90049 | Fax: (310) 442-9782 |
| | Email: lcharness1@gmail.com |

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Yukevich | Cavanaugh for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 25, 2019, at Los Angeles, California.

/s/ Alicia M. McMaster

Alicia M. McMaster

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1952075.1 / 125-076